# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ENVIRONMENTAL DISPOSAL & RECYCLING, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON, and )<br>HDI GLOBAL SPECIALTY SE, )<br>)<br>Defendants. ) | Case No. CIV-20-01010-PRW |

## **ORDER**

This matter comes before the Court on Defendants Certain Underwriters at Lloyd's London and HDI Global Specialty SE's "Opposed Motion for a Phased Scheduling Order" (Dkt. 20). Defendants ask the Court to issue a "Phased Scheduling Order," dividing this litigation into two consecutive parts. For the reasons set forth below, the Court denies the motion.

### *Background*

Plaintiff, Environmental Disposal & Recycling, LLC, ("EDR") owns and operates an oil and petroleum recycling facility in Alva, Oklahoma.[1] Its business involves

---

[1] *See* Pl.'s Resp. in Opp'n to Defs.' Mot. for a Phased Scheduling Order (Dkt. 26) at 2.

decontaminating and extracting residual oil and petroleum from contaminated dirt and water waste, which it stores in containment pits on its premises.[2]

On October 6, 2018, heavy rains caused one of those containment pits to rupture, spewing a mixture of water and crude oil on to an adjacent property.[3]

At the time of the rupture, Defendants insured Plaintiff against certain general commercial liability, contractor's pollution liability, and site pollution liability.[4] Later, Plaintiff filed an insurance claim with Defendants for the remediation costs arising from the October 6th spill.[5] Defendants went on to deny the claim, arguing that the damage was not covered under the insurance policy.[6] In response, Plaintiff sued Defendants for breach of contract and bad faith.[7]

Now, Defendants ask the Court to issue a "Phased Scheduling Order," dividing this litigation into two consecutive parts.[8] First, Defendants want limited discovery and dispositive motion practice on the breach of contract claim.[9] Then, if the breach of contract claim survives, a second discovery phase will commence, culminating in adjudication of

---

[2] *See id.*

[3] *See id.*

[4] *See* Insurance Policy (Dkt. 26, Ex. 1) at 2.

[5] *See* Pl.'s Resp. in Opp'n to Defs.' Mot. for a Phased Scheduling Order (Dkt. 26) at 2–3.

[6] *See* Declination of Coverage (Dkt. 26, Ex. 3).

[7] *See* Compl. (Dkt. 1).

[8] *See* Defs.' Opposed Mot. for a Phased Scheduling Order (Dkt. 20) at 1.

[9] *See id.*

the bad faith claim.[10] In their view, this arrangement conserves judicial and party resources by likely expediting the resolution of this case and by postponing discovery into, and consideration of, the bad faith claim until the breach of contract claim on which it depends is resolved.[11]

Plaintiff opposes bifurcation. It argues that the claims are not separable because the witnesses, issues, and evidence overlap, which will result in a duplication of litigation costs and efforts, and that bifurcation would prejudice it by delaying resolution of this case.[12]

*Legal Standard*

Federal Rule of Civil Procedure 42(b) permits the bifurcation of issues or claims in a case "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Accordingly, courts in the Tenth Circuit consider whether (1) bifurcation will result in convenience and economy, (2) the issues are separable, and (3) bifurcation will be unfair to either side.[13] Bifurcation is proper where it avoids prejudice and is conducive to judicial efficiency; bifurcation is improper "if the issues are not separable."[14] The party seeking bifurcation has the burden of showing bifurcation is proper in light of the general principle

---

[10] *See id.*

[11] *See id.*

[12] *See* Pl.'s Resp. in Opp'n to Defs.' Mot. for a Phased Scheduling Order (Dkt. 26) at 1–2.

[13] *See Bonham v. Geico Cas. Co.*, 2016 WL 26513, at *1 (D. Colo. Jan. 4, 2016) (citing *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)).

[14] *Angelo*, 11 F.3d at 964.

that a single adjudication tends to lessen delay, expense, and inconvenience.[15] Ultimately, though, the decision to bifurcate is within the sound discretion of the trial court.[16]

### *Discussion*

The Court is not persuaded that the potential benefits of bifurcation outweigh the potential drawbacks in this case. True, if the Court bifurcates discovery and resolves the breach of contract claim in favor of Defendants, then wasteful discovery into the bad faith claim will have been avoided. But if the Court bifurcates and resolves the breach of contract claim against Defendants, then there will likely be duplicative discovery[17] and there will certainly be delay in resolution of the case. As for the promise of expedited resolution resulting from bifurcation, it is illusory: Defendants can move for summary judgment on the breach of contract claim at any time, bifurcation or not.

At best, then, there is as much reason to bifurcate as there is not to bifurcate. Given that bifurcation is not "the norm or even a common occurrence,"[18] the tie goes in favor of allowing the claims to proceed together.

---

[15] *See id.*

[16] *See id.*

[17] For example, those witnesses deposed in connection with the breach of contract claim may be subjected to another deposition in connection with the bad faith claim.

[18] *Bonham v. GEICO Cas. Co.*, 2016 WL 26513, at *1 (D. Colo. Jan. 4, 2016) (unpublished) (quoting *The Marianist Province of the United States, Inc. v. Ace USA*, 2010 WL 2681760, at *1 (D. Colo. July 2, 2010) (unpublished) (citing Fed. R. Civ. P. 42(b) advis. comm. notes (noting that bifurcation should not be routinely ordered))).

*Conclusion*

For the foregoing reasons, the Court **DENIES** Defendants Certain Underwriters at Lloyd's London and HDI Global Specialty SE's "Opposed Motion for a Phased Scheduling Order" (Dkt. 20). The breach of contract and bad faith claims will proceed together.

**IT IS SO ORDERED** this 10th day of February 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE